IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00200–CMA–KMT


AVALON CONDOMINIUM ASSOCATION, INC.,

     Plaintiff,

v.

SECURA INSURANCE, A MUTUAL COMPANY,

     Defendant.

_____

## ORDER

_____

     This matter is before the court on Plaintiff's "Motion to Strike Defendant's Designation of Non-Parties at Fault." (Mot., Doc. No. 16, filed April 11, 2014.)  For the following reasons, Plaintiff's motion is **GRANTED.**

## BACKGROUND

     This case is brought by Plaintiff, Avalon Condominium Association, Inc. against its former insurer, Defendant, SECURA Insurance, a Mutual Company, alleging three claims— breach of contract for failure to pay a covered loss under a valid insurance policy, statutory bad faith, and common law bad faith.  (Compl., Doc. No. 4, ¶¶ 61-87.)  Specifically, Plaintiff alleges that on June 6, 2012, a wind and hail storm caused extensive damage to the roofs of the property in question, that the damage was within the coverage of its policy with Defendant, and Defendant was contractually obligated to pay for repairs.  (*Id.* ¶¶ 9-12.)  Further, Plaintiff alleges

that Defendant has, in bad faith, unreasonably denied payment for covered benefits.  (*Id.* at ¶¶ 34, 43, 52, and 53.)

Defendant denies that Plaintiff's property was extensively damaged by the hail storm of June 6, 2012.  (Answer, Doc. No. 2 at ¶ 9.)  Other than relatively minimal damage that might have been caused by wind on June 6, 2012 (*id.* at ¶ 10), Defendant alleges that any additional damage to Plaintiff's property may have been caused by the negligence of other parties and, to that end, filed a Designation of Non-Parties at Fault Pursuant to Colo. Rev. Stat. § 13–21–111.5. (*See* Doc. No. 12.)

In response to Plaintiff's Motion to Strike Defendant's Designation of Non-Parties at Fault, Defendant first filed a notice with the court on April 15, 2014, indicating Plaintiff had failed to confer before filing its motion.  (Doc. No. 17.)  Plaintiff filed its response to the notice on April 16, 2014.  (Doc. No. 18.)  Thereafter, Defendant filed its response to Plaintiff's motion on May 1, 2014 (Resp., Doc. No. 22), and Plaintiff filed its reply on May 15, 2014 (Reply, Doc. No. 23).  This matter is ripe for review and ruling.

## ANALYSIS

Defendant designates four different nonparties whose actions Defendant believes may have contributed to Plaintiff's roof damage.  (Doc. No. 12.)  First, Defendant alleges that the property owners may have failed to properly maintain or inspect the Plaintiff's property.  (*Id.* at 1.)  Second, Defendant points to the property managers, suggesting that they may have failed to properly maintain Plaintiff's roofs and may have hired companies that might have made defective repairs to Plaintiff's property.  (*Id.* at 2.)  Third, Defendant claims that the third-party adjuster Plaintiff hired to inspect the damaged roofs might have contributed to any damage by

using improper and destructive inspection methods.  (*Id.* at 3.)  Lastly, Defendant suggests that

the roof installer may have failed to install the roof properly, leaving it susceptible to undue

deterioration.  (*Id.* at 3-4.)  The alleged actions or omissions of each designated nonparty bear on

the source of Plaintiff's property damage and relate to Defendant's argument regarding its

contractual obligation to pay for any repairs to Plaintiff's property.

Plaintiff offers five separate arguments in support of its motion to strike.  (*See* Mot.)

First, Plaintiff argues it did not need to confer with Defendant because its motion was brought

under Fed. R. Civ. P. 12.  D.C.COLO.LCivR 7.1(b)(2).  (Resp. at 1.)  Second, Plaintiff

characterizes Colo. Rev. Stat. § 13-21-111.5 as procedural in nature and argues that, under *Erie*,[1]

it is inapplicable in a federal diversity case.  (Mot. at 2-4.)  Third, Plaintiff argues that Defendant

violated the tenets of *Erie* by removing this action to federal court in order to avoid the Civil

Access Pilot Project Rules adopted by the Supreme Court of Colorado's Chief Justice Directive

11-02.  (Mot. at 2-3.)[2]  Fourth, Plaintiff alleges that Colo. Rev. Stat. § 13-21-111.5 is

inapplicable to its contract claim.  (Mot. at 4.)  Finally, Plaintiff asserts that no other party can be

liable for its alleged tort claims of bad faith, rendering Defendant's nonparty designations

inapposite.  (Reply at 2-4.)

Preliminarily, the court disagrees with Plaintiff's assertion that conferral was not

necessary because the motion was brought under Fed. R. Civ. P. 12(f) and 12(b)(6).  (Resp. at 1.)

Plaintiff's motion does not arise under Fed. R. Civ. P. 12, and as such, conferral with Defendant

---

[1] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

[2] The court does not address this argument as it has been waived by Plaintiff's failure to file a timely objection to the removal on this basis.  Additionally, the court is not persuaded that Defendant removed the case to federal court specifically to avoid Colorado's Civil Access Pilot Project Rules, or, even if Defendant had, how such action would render an otherwise substantive state statute procedural.

was required.  D.C.COLO.LCivR 7.1(a).  Judicial time is valuable, though, and as the motion has now been fully briefed it will not be denied on the grounds that Plaintiff did not confer with Defendant.  However, further violation of Local Rules will not be tolerated.

### A.  Applicability of Colo. Rev. Stat. § 13–21–111 in Federal Proceedings

*Erie* holds that Federal courts sitting in diversity are bound by state statutes when deciding questions of substantive law.  304 U.S. at 78.  Numerous decisions from this District have found that Colo. Rev. Stat. § 13–21–111.5 is substantive in nature and have applied it as such.  *Resolution Trust Corp. v. Deloitte & Touche*, 818 F. Supp. 1406, 1408 (D. Colo. 1993); *Jenkins v FMC Tech.*, No. 07–cv–02110–LTB–KMT, 2009 WL 1526022, at *1 (D. Colo. May 28, 2009); *Bunting v. Preferred Homecare*, No. 12–cv–03327–WJM–KMT, 2013 WL 951182, at *1 (D. Colo. Mar. 12, 2013); *Phoenix Ins. Co. v. Trinity Universal Ins. Co. of Kan.*, No. 12–cv–01553–REB–KLM, 2013 WL 4510304, at *2 (D. Colo. Aug. 26, 2013). Consequently, Plaintiff's argument that the statute is inapplicable in this federal case is not persuasive.

### B.  Applicability of Colo. Rev. Stat. § 13–21–111 to Contract Claims

Plaintiff correctly notes that nonparty designation has consistently been limited to actions arising in tort or in the context of tort-like duties.  *See Trustees of Colo. Laborers' Health & Welfare Trust Fund v. American Benefit Plan Adm'rs, Inc.*, No. 04–CV–02630–EWN–OES, 2005 WL 1661079, at *2 (D. Colo. July 14, 2005).  Nonparty designation is not allowed when the cause of action sounds strictly in contract. *Id.*  Therefore, Defendant's nonparty designation cannot apply to Plaintiff's breach of contract claim.

Some actions, however, that facially depend on contractual obligations will turn on the application of tort-like duties, thereby warranting application of Colo. Rev. Stat. § 13–21–111.5.

*See FDIC v. Clark*, 978 F.2d 1541, 1552 (10th Cir. 1992).  In the particular context of insurance contracts, the Colorado Supreme Court has noted, because of the "special nature of the insurance contract and the relationship which exists between the insurer and the insured," an insurer's breach of the duty of good faith gives rise to a separate cause of action sounding in tort. *Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 466 (Colo. 2003).  Because Plaintiff's statutory and common law bad faith claims sound in tort, Colo. Rev. Stat. § 13–21–111.5 may apply to these claims.

### C.  Applicability of Colo. Rev. Stat. § 13–21–111 to Bad Faith Claims

Plaintiff argues that Defendant's nonparty designation is improper with respect to its bad faith claims because Defendant has not designated nonparties that could be liable for Defendant's alleged bad faith.  (Reply at 2-4.)  The court agrees.

Plaintiff alleges that Defendant violated its duty of good faith by unreasonably denying payment for Plaintiff's covered benefits.  (*See* Compl. ¶¶ 71-87.)  As noted above, Defendant has not designated parties whose actions or omissions would have contributed in any way to Defendant's alleged bad faith.  *See Fried v.* Long, 946 P.2d 487, 489 (Colo. App. 1997) (While it is not necessary for the alleged acts of the designated party to be the same tortious acts as those of Defendant, it is necessary that the alleged conduct of the designated party be *a cause of the same claimed injury*).  Instead, Defendant asserts that negligence on the part of the property owner, property manager, roof installer, or Plaintiff's adjuster may have contributed to the damage to Plaintiff's roof.  (Doc. No. 12 at 1-4.)  These activities relate to causation and damages pursuant to the breach of contract claim.  None of the designated parties allegedly participated in or contributed to Defendant's alleged failure to deal with Plaintiff in good faith.

(*See id.*)  As a result, the court finds that Defendant's designation of nonparties at fault is not proper under Colo. Rev. Stat. § 13–21–111.5 and should be stricken.

WHEREFORE it is

**ORDERED** Plaintiff's "Motion to Strike Defendant's Designation of Non-Parties at Fault" (Doc. No. 16) is **GRANTED**.  Defendant's "Designation of Non-Party at Fault" (Doc. No. 12) is **STRICKEN**.

Dated this 23rd day of July, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge