IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00200–CMA–KMT

AVALON CONDOMINIUM ASSOCATION, INC.,

    Plaintiff,

v.

SECURA INSURANCE, A MUTUAL COMPANY,

    Defendant.

---

# PROTECTIVE ORDER

---

    This matter is before the court on "Defendant Secura Insurance, a Mutual Company's Motion for (1) Entry of Confidential Protective Order and (2) For in Camera Review of Redacted and Withheld Documents" [Doc. No. 46].

    It appears that the parties are in conflict over whether a blanket protective order should be entered in this case which would protect confidential information about the business of the Defendant insurance company in connection with production of discovery in this case.

    Blanket protective orders do nothing more than place upon the parties themselves, or others from whom discovery is sought, the initial burden of determining what information is entitled to protection. A blanket protective order "requires that counsel for a producing party review the information to be disclosed and designate the information it believes, <u>in good faith</u>, is confidential or otherwise entitled to protection. The designated information is thereafter entitled

to the protections afforded by the blanket protective order." *Gillard v. Boulder Valley School Dist. Re.-2,* 196 F.R.D. 382, 386 (D. Colo. 2000)(emphasis added).  A proper blanket protective order must contain provisions for challenging the marking of a document as confidential.  *Id*.  "Judicial review of a party's designation as confidential occurs only when there is such an objection which the parties cannot resolve by agreement."  *Id*.

The agreement of all parties is not required for the entry of a blanket protective order.  *Id*.; *See Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc*., 121 F.R.D. 264, 268 (M.D.N.C.1988).  The Protective Order entered by a court, however, must conform with the following

> First, a party must make some threshold showing of good cause to believe that discovery will involve confidential or protected information. This may be done on a generalized as opposed to a document-by-document basis. Moreover, even though a blanket protective order permits all documents to be designated as confidential, a party must agree to only invoke the designation in good faith. After receiving documents, the opposing party has the right to contest those documents which it believes not to be confidential. At this stage, the party seeking the protection shoulders the burden of proof in justifying retaining the confidentiality designation. Thus, the burden of proving confidentiality never shifts from the party asserting that claim—only the burden of raising that issue.

*Parkway, id.*  Blanket protective orders serve the interests of a just, speedy, and less expensive determination of complex disputes by alleviating the need for and delay occasioned by extensive and repeated judicial intervention.  In the context of this case, the court cannot fathom why the Plaintiff objects to such an order nor why the Plaintiff has chosen to "not fully brief[ ] this issue because it submits that an oral, in person hearing, would allow the Court to make more expedient judicial determinations."  (Plaintiff's Response to Defendant Secura Insurance, a Mutual Company's Motion for (1) Entry of Confidential Protective Order [Doc. No. 49] at 2.)  To the contrary, the Plaintiff's objection appears completely frivolous in light of the fact it stands to

2

obtain full production of the information it seeks if only it agrees to treat the information as confidential to this case absent a court order to the contrary.  As stated by Judge Boland in *Gillard*, "[i]n view of increasingly complex cases and the existing workload of the trial courts, "[b]lanket protective orders are essential to the functioning of civil discovery. [A]bsent [such orders], discovery would come to a virtual standstill. . . ."  *Gillard* at 386, quoting *Bayer AG and Miles, Inc. v. Barr Laboratories,* 162 F.R.D. 456,  465–66 (S.D.N.Y. 1995) (disagreed with on other grounds *S.E.C. v. TheStreet.Com*, 273 F.3d 222 (2nd Cir. 2001).)

The court finds that the Defendant has made a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case.  Therefore, the court enters the following

### PROTECTIVE ORDER

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of the parties in confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be

made publicly available. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, including designated representatives for the entity defendant;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses; and

    (h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be

subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (14) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as

CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Further, the court has reviewed the documents submitted to the court on a DVD Rom medium with a folder labeled "Documents as prepared for Disclosure" which appears to contain redacted documents, and a folder labeled "Documents Marked for In Camera Review."[1] Although the court is not altogether sure what exactly -- beyond the grant of a blanket protective order -- the Defendant is requesting of the court, the court finds that the documents are responsive to discovery requests and are relevant under the broad auspices of Fed. R. Civ. P. 26 (b)(1) and *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 523 (D. Colo. 2003) (discovery procedures in the Federal Rules of Civil Procedures seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information) and *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 619 (D. Colo. 2007).  The

---

[1] The storage medium submitted to the court will be filed by the Clerk of the Court and held as "conventionally filed document."

court finds that the information generated prior to the filing of this lawsuit does not qualify for "work product" protection since the documents contain underwriting information not prepared in anticipation of litigation. *See American Banker's Ins. Co. of Fla. v. Colo. Flying Academy, Inc.*, 97 F.R.D. 515, 516 n.1 (D. Colo. 1983) (noting that Rule 26(b)(3) codifies the work product doctrine recognized in *Hickman v. Taylor*, 329 U.S. 495 (1947)). Therefore, the information in the redacted documents, as well as in the unredacted documents will be sufficiently protected by entry of the Protective Order herein.

It is further **ORDERED**

"Defendant Secura Insurance, a Mutual Company's Motion for (1) Entry of Confidential Protective Order and (2) For in Camera Review of Redacted and Withheld Documents" [Doc. No. 46]" is GRANTED. The documents withheld from production which are the subject matter of this motion shall be produced in their entirety, without redactions, marked as "CONFIDENTIAL" and subject to the provisions of this Protective Order, **on or before October 6, 2014.**

DATED this 29th day of September, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge