IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–00200–CMA–KMT

AVALON CONDOMINIUM ASSOCATION, INC.,

    Plaintiff,

v.

SECURA INSURANCE, A MUTUAL COMPANY,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Plaintiff Avalon Condominium Association's "Motion to Amend Complaint." (Doc. No. 32, filed June 23, 2014.) Defendant Secura Insurance's Response was filed on July 15, 2014 (Doc. No. 38) and Plaintiff's Reply was filed on July 31, 2014 (Doc. No. 45). For the following reasons, the court recommends that Plaintiff's Motion to Amend be DENIED.

In its Complaint, Plaintiff alleges that Defendant has, in bad faith, unreasonably denied insurance coverage for damage to Plaintiff's property caused by a June 6, 2012 wind and hail storm. (*See* Compl., Doc. No. 4, filed Jan. 23, 2014.) Based on these allegations, Plaintiff's Complaint asserts three claims for relief: breach of contract, common law bad faith denial of insurance coverage; and statutory bad faith, pursuant to Colo. Rev. Stat. §§ 10-3-1115, 1116. (*See id.*) Plaintiff now seeks to file an Amended Complaint (Doc. No. 32-1 [Am. Compl.]) that adds a claim for relief under the Colorado Consumer Protection Act (CCPA), Colo. Rev. Stat.

[1]

§ 6-1-1011, *et seq.* Specifically, Plaintiff seeks to assert that Defendant violated the CCPA by hiring a consultant—Corey Schrauben of Project Time & Cost Forensic Engineers (PT&C)—who allegedly has a "known bias in favor of insurers with the expectation that Plaintiff would rely on that consultant's report." (Am. Compl. ¶ 98.)

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), "The court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 48 (1957) *abrogated on other grounds by Bell Atl. Corp. v Twombly*, 550 U.S. 544 (2007).

## ANALYSIS

Defendant does not argue that Plaintiff's proposed CCPA claim is unduly delayed, unduly prejudicial, or submitted in bad faith. Rather, Defendant argues that Plaintiff's proposed CCPA claim should be rejected as futile.

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs.,* 175 F.3d 848, 859 (10th Cir. 1999)). "The futility question is functionally equivalent to the question of whether a complaint may be dismissed for failure to state a claim," pursuant to Fed. R. Civ. P. 12(b)(6). *Id.* (citations omitted).

The CCPA is a remedial statute intended to deter and punish deceptive trade practices committed by business in dealing with the public." *Showpiece Homes Corp. v. Assurance Co. of Am.,* 38 P.3d 47, 51 (Colo. 2001). To state a claim under the CCPA, a plaintiff must allege the following elements: (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of the defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury. *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.,* 62 P.3d 142, 146-47 (Colo. 1998).

Defendant argues that Plaintiff's CCPA proposed claim is futile because (1) Plaintiff's allegations of an unfair or deceptive trade practice do not meet Fed. R. Civ. P. 9(b)'s heightened pleading standard; and (2) Plaintiff has not alleged facts sufficient to meet the public impact element of a CCPA claim. The court agrees with both of these arguments.

Fed. R. Civ. P. 9(b) provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Because the CCPA is designed to protect against consumer fraud, the first element of a CCPA claim must be pled with particularity pursuant to Fed. R. Civ. P. 9(b). *Duran v. Clover Foods Co.,* 616 F. Supp. 790, 793 (D. Colo. 1985); *see also Hansen v. Auto-Owners Ins. Co,* 09-cv-02736-CMA-BNB, 2010 WL 749820, at *2 (D. Colo. Mar. 4, 2010) (collecting cases). Rule 9(b) allows factual allegations to be based on "information and belief"; however the pleading must "set[] forth the specific facts upon which the belief is reasonably based." *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1330 (Fed. Cir. 2009); *see also Scheidt v. Klein,* 956 F.2d 963, 967 (10th Cir. 1992) (citations omitted) ("Allegations of fraud may be based on information and belief when the facts in question are peculiarly within the opposing party's knowledge and the complaint sets forth the factual basis for the plaintiff's belief.")

As to the deceptive trade practice element of its proposed CCPA claim, Plaintiff alleges, "upon information and belief," that Defendant hired Mr. Schrauben and PT&C to inspect Plaintiff's property "because they are biased for insurers and will give them favorable, result-oriented investigations and reports to assist the insurer in either low-balling or denying an insured's claim." (Am. Compl. ¶ 25; *see also id.* ¶ 98.) First, other than the fact Defendant hired PT&C, this allegation is not a fact asserted upon information and belief; instead it is a purely speculative assertion regarding Defendant's mental state. Further, Plaintiff's only allegations in support of this belief are that (1) its adjuster, Peter Ridulfo, has allegedly observed PT&C engaging in similar results-oriented investigations for other insurers in the past—namely, by "willfully ignor[ing] obvious hail damage and refus[ing] to inspect all effected [sic] buildings

(*id.* ¶ 58)—and (2) that Defendant relied on PT&C's investigation to reject Plaintiff's insurance claim, even though it allegedly knew from Mr. Ridulfo's separate report that PT&C's report contained biased and inaccurate representations (*id.* ¶¶ 43-44, 53-54).  However, the first allegation does not provide support Plaintiff's belief; even if PT&C actually performed biased investigations for *other insurers*, this does not in any way suggest or establish that *Defendant* hired PT&C for that same purpose.  Similarly, at best, the second allegation demonstrates only that Defendant learned that PT&C's investigation and report was inaccurate *after it was issued*; it does not suggest that Defendant knew when it *hired* PT&C that it would receive an allegedly a biased, results-oriented investigation.  Altogether, Plaintiff's proposed Amended Complaint does not include any facts—let alone the specific facts required by Rule 9(b)—to support Plaintiff's belief that Defendant hired PT&C for the purpose of obtaining a biased investigation.

Beyond alleging a deceptive trade practice, a plaintiff asserting a CCPA claim must also allege facts that plausibly suggest "the defendant's challenged practice significantly impacts the public as actual or potential consumers of the defendant's goods, services or property." *Rhino Linings USA,* 62 P.3d at 149 (citing *Hall v. Walter,* 969 P.2d 224, 234 (Colo. 1998)).  [I]f a wrong is private in nature, and does not affect the public, a claim is not actionable under the CCPA." *Id.*  In other words, "[t]he CCPA is not intended to provide additional remedies to claimants whose disputes have no public impact but are, instead, purely private transactions." *Henson v. Bank of Am.,* 935 F. Supp. 2d 1128, 1142 (D. Colo. 2013) (citing *Rhino Linings USA,* 62 P.3d at 150).  In determining whether a challenged practice significantly impacts the public, courts consider: "(1) the number of consumers directly affected by the challenged practice, (2) the relative sophistication and bargaining power of the consumers affected by the challenged

practice, and (3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so in the future." *Rhino Linings USA,* 62 P.3d at 150.

Here, Plaintiff's proposed Amended Complaint alleges upon "information and belief" that Defendant "has used PT&C on other claims for other insured parties in order to obtain biased, results-oriented reports to assist Secura in either denying or low-balling insurance claims." (Am. Compl. ¶ 27; *see also id.* ¶¶ 26, 28-29.)  This is nothing more than a conclusory statement that falls short of the pleading requirements enunciated in *Bell Atlantic v. Twombly Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v.Iqbal,* 556 U.S. 662 (2009).  *Cf. Henson,* 935 F. Supp. 2d at 1142 (Arguello, J.) (allegations submitted on "information and belief" that the defendants "routinely pursue foreclosure actions without being a holder of an evidence of debt or posting a bond" fell short of federal pleading requirements).  Notably, Plaintiff has not set forth any factual allegations regarding consumers that have been or will be impacted by Defendant's engagement of PT&C.  As such, the court is unable to determine the number of consumers directly affected by that practice or the relative sophistication of those consumers.  *Rhino Linings USA,* 62 P.3d at 150.  Ultimately, once Plaintiff's barebones allegations of public impact are set aside, it is clear that this case involves a private dispute and that does not substantially impact the public.

Altogether, for the reasons discussed above, the court finds that Plaintiff's proposed CCPA claim is futile because it would not withstand a Rule 12(b)(6) motion to dismiss. Therefore, the court finds that Plaintiff's Motion to Amend is properly denied.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff Avalon Condoinium Association's "Motion to Amend Complaint" (Doc. No. 32) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 30th day of October, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge