**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-00200-CMA-KMT

AVALON CONDOMINIUM ASSOCIATION, INC,

 Plaintiff,

v.

SECURA INSURANCE, A MUTUAL COMPANY,

 Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENT**

---

  This matter is before the Court on a Motion for Leave to File a Supplement to its Response in Opposition to Plaintiff's Motion for Partial Summary Judgment filed by Defendant Secura Insurance. (Doc. # 111.) In response, Plaintiff Avalon Condominium Association filed a Motion to Strike Defendant's Supplement. (Doc. # 113.)

  Defendant contends that the Court should accept its Supplement because Plaintiff produced new evidence in February of 2015, despite it being under an obligation to produce the evidence since May of 2014. The "newly discovered" evidence is a copy of a deductible buy-back policy purchased by Plaintiff at the same time it purchased the Secura Policy from Defendant. The deductible buy-back policy was issued to Plaintiff by Lloyd's of London ("Lloyd's Policy") and was effective from December 29, 2011, to December 29, 2012, which is one day removed from the effective dates of the Secura Policy.

Defendant argues its Supplement is relevant to show the meaning or understanding of what wind/hail deductible Plaintiff expected from the Secura Policy. Specifically, Defendant asserts that the Lloyd's Policy, which it contends is not parol evidence, reflects that Plaintiff purchased coverage from Lloyd's of London to pay the deductible for a wind or hail storm loss on the Secura Policy. The deductible in the Lloyd's Policy is the same amount as the deductible Defendant alleges is applicable on the Secura Policy—$174,227.36—less thirty-six cents. Plaintiff contends that the Supplement filed by Defendant is an improper attempt to introduce inadmissible extrinsic evidence on an insurance policy that Defendant claims is unambiguous.

Supplementation of motions is committed to the sound discretion of the court. *See Burgard v. Super Valu Holdings, Inc.*, 1997 WL 278974, 113 F.3d 1245, at *4 (10th Cir. 1997). In the interest of justice, the Court grants the motion for leave filed by Defendant so that the Court may fully consider the parties' arguments. The Court will decide whether consideration of the Lloyd's Policy is proper in interpreting the terms of the Secura Policy when it issues an order on the Motion for Partial Summary Judgment filed by Plaintiff.

Accordingly, it is ORDERED that the Motion for Leave (Doc. # 111) filed by Defendant is GRANTED and the Motion to Strike (Doc. # 113) filed by Plaintiff is DENIED.

DATED: September 22, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge