IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-00200-CMA-KMT

AVALON CONDOMINIUM ASSOCIATION, INC,

    Plaintiff,

v.

SECURA INSURANCE, A MUTUAL COMPANY,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE AND DENYING AS MOOT PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

The matter before the Court is Defendant Secura Insurance's motion for leave to (1) call its non-retained expert witness, Corey Schrauben, on Monday, November 23, 2015, which is the second week of trial, even if Defendant runs into an evidence shortage the first week of trial or, in the alternative, (2) take the deposition for preservation of testimony of Mr. Schrauben. To ensure a just, speedy, and efficient trial, the Court denies Defendant's first request. Because Defendant does not meet its burden in proving that Mr. Schrauben is unavailable to testify at trial under Rule 32(a), the Court also denies Defendant's second request. The Court denies as moot Plaintiff's Motion for a Protective Order, in which it requests that the Court "forbid[] the deposition" of Mr. Schrauben.

## I. BACKGROUND

On May 26, 2015, the Court set a seven-day jury trial to begin on November 16, 2015. (Doc. # 163.) On September 18, 2015, Defendant filed the instant motion, informing the Court that its key witness, Mr. Schrauben, has an "annual family get-together" scheduled in Minnesota during the first week of trial. (Doc. # 188.) On September 25, 2015, the Court issued an order on the parties' motions for partial summary judgment and determined that the only count remaining for trial by a jury is Count 1—Breach of Contract. (Doc. # 192.) On October 8, 2015, Plaintiff filed a Motion for Protective Order requesting that the Court forbid the deposition of Mr. Schrauben pursuant to Rule 26(c)(1)(A) or, alternatively, prescribe a discovery method other than the one selected by Defendant pursuant to Rule 26(c)(1)(C), "specifically that the Defendant subpoena Mr. Schrauben to testify at trial." Both parties filed a response and a reply to the opposing party's motion. (Docs. ## 201; 202; 203; 205.)

## II. LAW & ANALYSIS

Defendant requests that the Court allow it to take the deposition for preservation of testimony of Mr. Schrauben because he will be out-of-state on an annual family get-together during the first week of trial. Under Rule 32(a)(4), a party may use for any purpose the deposition of a witness when the witness is unavailable to testify at trial. A witness is unavailable to testify at trial if the court finds:

A. That the witness is dead;
B. That the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

      C. That the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
      D. That the party offering the deposition could not procure the witness's attendance by subpoena; or
      E. On motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Fed. R. Civ. P. 32(a)(4)(A)-(E). The proponent of the deposition bears the burden of proving that it is admissible under Rule 32(a). *Garcia-Martinez v. City & Cnty. of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004).

In the instant case, Mr. Schrauben is not dead, ill, or subject to exceptional or unexpected circumstance. Mr. Schrauben lives and works at 17043 E. 104th Way, Commerce City, Colorado, which is less than 100 miles from the place of trial.[1] *C.f. A.H. ex rel. Hadjih v. Evenflo Co.*, 579 F. App'x 649, 656 (10th Cir. 2014) (affirming district court's finding that witness was unavailable under Rule 32(a)(4) because he lived and worked in Georgia, which is more than 100 miles from the courthouse in Denver). Defendant, admittedly, has not attempted to subpoena Mr. Schrauben. (Doc. # 188 at 2.) Defendant asserts that Mr. Schrauben is "unavailable" the first week of trial because he has an annual family get-together scheduled in Minnesota. Defendant does not meet its burden in proving that Mr. Schrauben is unavailable to testify at trial under Rule 32(a). Accordingly, Defendant cannot use a deposition of Mr. Schrauben during the jury trial and, thus, Defendant's request to take a deposition for preservation of testimony is denied.

---

[1] Mr. Schrauben is employed by PT&C/LWG Forensic Consulting Services. Because the company does not have any branch offices in Colorado, the business addresses of the employees are the employees' individual home addresses.

Further, Defendant asks the Court for leave to call Mr. Schrauben on Monday, November 23, 2015, which begins the second week of trial, even if Defendant runs into a shortage of witnesses. In the Court's order ruling on the parties' motions for partial summary judgment, the Court determined that the only count remaining for trial by a jury is Count 1—Breach of Contract. Accordingly, the Court anticipates that Plaintiff's case-in-chief will finish earlier than initially expected.

Trial courts possess considerable discretion to determine the orderly presentation of evidence and the inherent power to develop procedures for the presentation of evidence to ensure just, speedy, and efficient litigation. *See In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F. Supp. 1493, 1503 (D. Colo. 1989) (citing *Thweatt v. Ontko*, 814 F.2d 1466, 1470 (10th Cir. 1987)).

There are several reasons why the Court believes allowing Mr. Schrauben to testify on the Monday of the second week of trial is inefficient and unwarranted. First, the jury members are completing a public service and, as such, the Court tries to ensure that jury trials are moved efficiently and expeditiously. A delay in testimony directly contradicts the goals of the Court. Next, the sole reason for possibly delaying the trial is because Mr. Schrauben will be on a family vacation. Essentially, Defendant is requesting that the Court interfere with the schedules of the jury members and the Court's own docket to appease Mr. Schrauben's scheduling conflict. This the Court cannot do. Third, the trial date has been set since May 26, 2015, and Defendant did not bring up Mr. Schrauben's scheduling conflict until August 28, 2015 (to the attention of opposing counsel) and September 18, 2015 (to the attention of the Court). Counsel

should be aware of scheduling conflicts prior to setting a trial date or, at least, inform its witnesses of the date as soon as the trial is set to be able give the Court as much notice as possible of any scheduling conflicts. To ensure a just, speedy, and efficient trial, the Court denies Defendant's request for leave to call Mr. Schrauben on Monday, November 23, 2015, if Defendant runs into a shortage of witnesses during the first week of trial.

### III. CONCLUSION

Based on the foregoing, the Court DENIES Defendant's Motion for Leave (Doc. # 188) and DENIES AS MOOT Plaintiff's Motion for a Protective Order (Doc. # 200).

DATED: October 13, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge