IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00200–CMA–KMT

AVALON CONDOMINIUM ASSOCATION, INC.,

    Plaintiff,

v.

SECURA INSURANCE, A MUTUAL COMPANY,

    Defendant.

## ORDER

This matter is before the court on "Defendant Secura Insurance, a Mutual Company's Motion for Leave to File (Second) Amended Witness List (to List J&P Roofing Witnesses and Engineer Under Heading of "Fact Witnesses" in Addition to Their Previous Listings Under Heading of "Expert Witnesses")" [Doc. No. 169] ("Mot.") filed August 18, 2015. Plaintiff filed its Response on August 24, 2015 [Doc. No. 172] and Defendant filed a Reply on August 27, 2015 [Doc. No. 172] ("Reply").

Defendant seeks to add to its fact witness 'may call' list in its Final Pretrial Order, several experts including, Dale Albrecht, Warren Erickson, Joshua Gallardo, and Corey Schrauben, who are expected to testify about their "observations, opinions and conclusions regarding his evaluations(s) of the alleged roof damage and the Inspections and/or repairs related to such. . . ."

(Mot., ¶ 4.) The witnesses Defendant seeks to add have been disclosed as experts and their testimony has been set forth in their reports. (*Id.*) The witnesses were included in the Final Pretrial Order [Doc. No. 153]. The motion does not seek to add any heretofore unknown witnesses nor does it seek to add any testimony which has not already been disclosed. (Mot., ¶ 5(A).) The Plaintiff does not dispute that if these defendants were barred as expert witnesses, they still are percipient witnesses and would be allowed to testify to what they saw or did as such but for not being listed in the fact witness section of the Final Pretrial Order. Frankly, the court is unconvinced that it is necessary to list these witnesses twice as both percipient and expert witnesses.

In determining whether to allow the amendment of a pretrial order, the Tenth Circuit applies a four factor analysis: (1) the prejudice or surprise in fact to the party against whom the proposed witness would testify; (2) the ability of that party to cure such prejudice; (3) the extent to which allowing the addition of a witness would disrupt the orderly and efficient trial of the case or of other cases in court; and (4) bad faith or willfulness by the moving party to comply with the court's pretrial order. *Canales v. Principi,* 220 F.R.D. 627, 628 (D. Colo. 2004); *see also Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1222 (10th Cir.2000); *Smith v. Ford Motor Co.*, 626 F.2d 784, 797 (10th Cir.1980).

Modification should be allowed "when the danger of surprise is small and a failure to amend might result in an injustice to the moving party." *Bridge Publications, Inc. v. F.A.C.T.Net, Inc.*, 183 F.R.D. 254, 258- 59 (D. Colo.1998). See also CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, RICHARD L. MARCUS, ADAM N. STEINMAN, 6A FED. PRAC. & PROC. CIV. § 1527.1 (3d ed.)(2015).

The Court has balanced the competing interests of Plaintiff and Defendant and has concluded that the danger of surprise to the plaintiff is small, while denying Defendant's request to amend could result in a significant injustice to it . *See Meno v. FedEx Corporate Servs., Inc.*, No. 11-CV-00874-CMA-MJW, 2012 WL 3038724, at *1 (D. Colo. July 25, 2012)  First, granting Plaintiff's request to amend the pretrial order would not result in prejudice or surprise to Defendant.  The witnesses are not new and their testimony is not unexpected.  The plaintiff objects primarily because it has motions pending to disqualify each of these witnesses from giving expert opinion testimony and, Plaintiff apparently contends, if they are not qualified as experts, their percipient witness testimony would likewise be disallowed as a result of not listing them as fact witnesses in the Final Pretrial Order.

In applying the four factors, the paramount concern must be to assure "the full and fair litigation of claims." *Joseph Manf'g Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir.1993).  Relying on a technicality to exclude otherwise admissible percipient witness testimony of which a party has been properly and fully advised is pure gamesmanship and would not lead to a fair litigation of the claims.

Second, this motion was made prior to the trial; therefore, Defendant has the ability to cure any prejudice by moving to continue the trial. *Davey v. Lockheed Martin Corp.* , 301 F.3d 1204, 1211 (10th Cir. 2002).  The court cannot see any necessity to do that in this case as all parties should be advised and aware of the non-opinion testimony proposed by these four witnesses.   Third, an amendment to the final pretrial order would not "disrupt the orderly and efficient trial of the case or other cases in court," because the motion to amend was "made prior to trial, [therefore] no disruption of an ongoing trial is threatened." *Id.* at 1212.  Lastly, Plaintiff

did not act in bad faith simply because it did not list these same witnesses under both its "May Call Expert Witnesses" and its May Call Fact Witnesses." This court, at least, views such a double listing as unnecessary and confusing.

Therefore it is **ORDERED**

"Defendant Secura Insurance, a Mutual Company's Motion for Leave to File (Second) Amended Witness List (to List J&P Roofing Witnesses and Engineer Under Heading of "Fact Witnesses" in Addition to Their Previous Listings Under Heading of "Expert Witnesses")" [Doc. No. 169] is **GRANTED**. The Second Amended Witness List to the Final Pretrial Order [Doc. No. 169-1 shall be filed by the Clerk of Court and shall hereafter be considered part of the Final Pretrial Order.

Dated October 26, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge